Hossain v. Garland

BIA
Poczter, IJ
A209 431 765

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

MDALAMGIR MOHAMMED
HOSSAIN,
> *Petitioner,*

> v.                                                               **21-6245**
>                                                                   **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Khagendra Gharti-Chhetry, Esq. New York, NY.

**FOR RESPONDENT:**       Brian M. Boynton, Acting Assistant Attorney General; Carl McIntyre, Assistant Director; Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mdalamgir Mohammed Hossain, a native and citizen of Bangladesh, seeks review of a March 29, 2021 decision of the BIA affirming an August 10, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mdalamgir Mohammed Hossain*, No. A 209 431 765 (B.I.A. Mar. 29, 2021), *aff'g* No. A 209 431 765 (Immigr. Ct. N.Y.C. Aug. 10, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei*

2

*Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the IJ's determination that Hossain was not credible as to his claim that he and his family were repeatedly assaulted by members of the Awami League because of his support for the rival Liberal Democratic Party ("LDP").

First, the IJ reasonably relied on inconsistencies in Hossain's testimony about whether he had been harmed, and feared harm, by the police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Although Hossain did not mention police abuses in his affidavit or on direct examination, a letter from the LDP asserted that Hossain was on a list of people targeted for police harassment and at risk of arrest or extrajudicial killing. When asked whether he had been harmed or feared harm by the police, Hossain's testimony was confusing and largely nonresponsive, and he testified inconsistently that the police harmed him at the direction of the Awami League, and that only the Awami League cadres harmed him.

Second, the IJ reasonably relied on inconsistencies regarding whether Hossain's mother was present during a February 2018 incident when, after he left the country, members of the Awami League allegedly went to his home. *See id.* Hossain wrote in his affidavit that the Awami League harmed his mother during this incident, but his wife wrote in her affidavit that his mother was not present. When asked about this inconsistency, Hossain first contradicted his own affidavit by saying that his mother was not present, then testified that she was present, and then testified that she was next door and came to the scene when she heard screaming. The IJ was not required to find that this third account reconciled

4

Hossain's two previous accounts. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2018) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Third, the IJ reasonably relied on Hossain's demeanor, noting that he frequently paused and that his testimony was vague and nonresponsive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We generally defer to such findings because a "fact-finder who assesses testimony together with witness demeanor is in the best position to discern . . . whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script.'" *Majidi*, 430 F.3d at 81 n.1 (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004)); *see also Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005) (explaining the Court "give[s] particular deference" to IJ's findings regarding demeanor because the IJ is "in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question"). Moreover, the record

5

supports the findings. During the hearing, the IJ noted more than a dozen long pauses in Hossain's testimony after a question was posed. And, for example, as noted above, Hossain's testimony about whether he was harmed by the police contained confusing, vague, and nonresponsive answers to questioning.

Finally, the IJ's findings regarding omissions in an affidavit from Hossain's wife provide some further support for the IJ's credibility determination, although one of those findings is relatively weak. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). "[A]n omission by a third party may form a basis for an adverse credibility determination." *Hong Fei Gao*, 891 F.3d at 81. However, such an omission may be "less probative" where it "creates no *inconsistency* with an applicant's own statements." *Id.* "[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner [or witness] would reasonably have been expected to disclose under the relevant circumstances." *Id.* at 78–79.

Applying that standard, the omission from Hossain's wife's affidavit of information about visiting a pharmacy and the police after the first assault—and Hossain's failure to explain those omissions—are not strong grounds for questioning Hossain's credibility. His wife's affidavit addressed this assault in a

6

single sentence that did not foreclose the possibility of visits to the pharmacy and police. Moreover, the omitted events are less important to Hossain's claim than the fact of his assault and injury, and Hossain did not allege that his wife was present for these events. Under similar circumstances, we have concluded that omissions of information about medical treatment from a letter written by an applicant's relative did not provide strong support for an adverse credibility determination.[1] *Id.* at 79–81.

However, the IJ also identified two omissions from Hossain's wife's affidavit that support the adverse credibility determination. Hossain's wife wrote that her mother-in-law was verbally abused during a June 2017 incident; however, if—as Hossain claimed—his mother was also physically abused, his wife would be expected to disclose that more serious harm. *Id.* at 78–79. The IJ likewise reasonably relied on Hossain's wife's failure to mention that her mother-in-law was harmed in describing the February 2018 because that omission created

---

[1] Even if consideration of the minor omissions was error, remand is not required "when . . . reliance on the erroneous aspect of [the IJ's] reasoning is substantially tangential to . . . non-erroneous findings." *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (quotation marks omitted). That is the case here. The IJ specified that she placed the most weight on inconsistencies related to whether the police harmed Hossain, and, as discussed above, the IJ also considered Hossain's demeanor and responsiveness, as well as stronger omissions.

an inconsistency: Hossain's affidavit states that Awami League cadres abused his mother and wife, while his wife's affidavit indicates that her mother-in-law was not present. *Id.* at 81.

These multiple inconsistencies and omissions related to the basis of Hossain's claim, along with the IJ's demeanor finding, provide substantial evidence for the IJ's adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Majidi*, 430 F.3d at 81 n.1. The adverse credibility determination was dispositive because Hossain's application for asylum, withholding of removal, and CAT relief all relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8